Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7158 | **DATE** | November 9, 2010 |
| **CASE TITLE** | Reynaldo Trevino (#25031-279) v. David Ebbert, et al. | | |

**DOCKET ENTRY TEXT:**

Respondent is ordered to answer the petition or otherwise plead within twenty days of the date this order is entered on the Clerk's docket.

■ [*For further details see text below.*]   Docketing to mail notices.

# STATEMENT

    Petitioner Reynaldo Trevino is currently in federal custody in Pennsylvania and has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Trevino originally filed suit in the United States District Court for the Middle District of Pennsylvania based on a 2009 criminal conviction in the Circuit Court of Cook County, Illinois, for possession of a controlled substance. In his § 2241 petition, he cites to *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), and argues that his defense attorney in underlying his criminal action did not advise him that as a non-citizen, his guilty plea could result in him being deported at the end of his term of incarceration in the state case. The district court in Pennsylvania characterized the § 2241 petition as a challenge to Trevino's state court conviction and thus transferred it to this district.

    To the extent that Trevino is indeed attempting to challenge the sentence from the state court case, the record shows that he is currently in the custody of the Immigration and Customs Enforcement Office. *See* Transfer Order, No. 10 C 7158, Docket No. 5 (M.D. Penn. Nov. 5, 2010). Because Trevino is in federal custody, by definition, his sentence on his state court conviction has been discharged. *See Binford v. United States*, 436 F.3d 1252, 1254-56 (10th Cir. 2006) (federal sentence commences when petitioner completes his state sentence and is "finally received into federal custody for the purpose of serving his federal sentence"). Setting aside the fact that it is improper to sua sponte convert a § 2241 petition to a § 2254 petition, *Griffin v. Clarke*, 2010 WL 3810853, at *1 n.2 (E.D. Wis. Sept. 24, 2010), the court would lack jurisdiction over a request for relief under § 2254 because Trevino was not in state custody at the time he filed his federal habeas petition, *Virsnieks v. Smith*, 521 F.3d 707, 717-18 (7th Cir. 2008) ("the collateral consequences of a conviction, those consequences with negligible effects on a petitioner's physical liberty of movement, are insufficient to satisfy the custody requirement" for the purposes of § 2254).

    This leaves Trevino's request for relief under § 2241. The court lacks information necessary to assess whether jurisdiction is proper as it is unclear whether Trevino's impending deportation is a collateral consequence of his state court conviction. Consequently, the respondent shall answer or otherwise plead within twenty days of the date this order is entered on the Clerk's docket and is directed to address this issue and any other issues it deems appropriate.
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

    Trevino is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. He must provide the court with the original plus a judge's copy of every document filed. In addition, he must send an exact copy of any court filing to the United States Attorney [or the Assistant United States Attorney assigned to this case, once s/he enters an appearance], 219 South Dearborn Street, Chicago, Illinois 60604. Every document filed must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Trevino.